1   KILPATRICK TOWNSEND & STOCKTON LLP
    GREGORY S. GILCHRIST (State Bar No. 111536)
2   *ggilchrist@kilpatricktownsend.com*
    STEVEN SURACHMAN (State Bar No. 301077)
3   *ssurachman@kilpatricktownsend.com*
    Two Embarcadero Center, Suite 1900
4   San Francisco, California 94111
    Telephone:   (415) 576-0200
5   Facsimile:    (415) 576-0300

6   Attorneys for Plaintiff LOUISE VAUGHN

7

8                  UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  LOUISE VAUGHN,                        Case No. 3:15-cv-05649-EDL

12              Plaintiff,                **PLAINTIFF LOUISE VAUGHN'S
                                          NOTICE OF MOTION AND MOTION
13        v.                              TO ENFORCE SETTLEMENT AND
                                          MEMORANDUM OF POINTS AND
14  SOTHEBY'S INTERNATIONAL REALTY,       AUTHORITIES IN SUPPORT
    et al.,                               THEREOF**
15
                                          Date:       February 7, 2017
16              Defendants.               Time:       9:00 a.m.
                                          Location:   Courtroom E
17                                        Judge:      Hon. Elizabeth D. Laporte

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF LOUISE VAUGHN'S NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:15-cv-05649-EDL

1

## NOTICE OF MOTION AND MOTION

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3          PLEASE TAKE NOTICE that on February 7, 2017, at 9:00 a.m., or as soon thereafter as the

4    matter may be heard before the Honorable Elizabeth D. Laporte, in Courtroom E of the United

5    States District court for the Northern District of California, San Francisco Division, Plaintiff Louise

6    Vaughn will and hereby does move to enforce the oral settlement agreement reached by the parties

7    and recited on the record at the in-court settlement conference held before Magistrate Judge Maria-

8    Elena James on October 4, 2016.

9          Specifically, Plaintiff seeks an order finding that Defendants are in breach of the agreement

10   they made on the record, which required them to sign an agreement based on the terms stated on the

11   record, and further determining that no written settlement agreement is required for this action to be

12   deemed resolved.  This motion is based on this Notice of Motion, the following memorandum of

13   points and authorities in support, the Declaration of Steven Surachman in Support of Louise

14   Vaughn's Motion to Enforce Settlement and the documents attached thereto, the pleadings and

15   papers on file in this action, and any other evidence or argument that may be presented at the

16   hearing.

17

## MEMORANDUM OF POINTS AND AUTHORITIES

18          Plaintiff Louise Vaughn moves to enforce the terms of the settlement agreement reached

19   with Defendant Sotheby's International Realty ("Sotheby's") and Defendant David J. Sobel

20   (collectively, "Defendants") at the October 4, 2016 Settlement Conference held before Magistrate

21   Judge Maria-Elena James, according to the terms stated on the record.  Specifically, Plaintiff

22   requests that the Court find that the settlement terms as stated on the record are binding and that, in

23   view of defendants' failure to reasonably agree to a written agreement embodying those terms, no

24   further writing is required to memorialize the settlement.  Alternatively, Plaintiff requests that

25   Defendants be ordered to sign the agreement prepared by Plaintiffs that more than adequately

26   reflects the terms and safeguards their interest.

27   *///*

28

PLAINTIFF LOUISE VAUGHN'S NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:15-cv-05649-EDL                                                                                1

1    **I.      INTRODUCTION**

2          After almost a year of litigating her Fair Housing Act claims *pro se* against sophisticated

3    attorneys, the elderly and disabled plaintiff Ms. Louise Vaughn ("Plaintiff") settled her case against

4    Defendants.  The parties negotiated the terms in off-the-record discussions with Magistrate Judge

5    Maria-Elena James that explicitly were limited to the issues presented in the Complaint.  Plaintiff's

6    counsel recited the material terms of the agreement on the record in open court.  In exchange for

7    settling "this matter," Defendants agreed, *inter alia,* to pay Ms. Vaughn, respectively, $1,100 and

8    $1,700 and to not instigate  fraud-related investigations into Ms. Vaughn's home purchase with the

9    Mayor's Office of Housing and Community Development (the "Mayor's Office").  They also

10   agreed not to interfere with numerous other rights held by Ms. Vaughn.  When directly questioned

11   by the Court, Defendants confirmed that the terms accurately embodied the agreement and that they

12   understood and agreed to them .

13         The parties stipulated to reducing this agreement to writing, but Defendants, after months of

14   negotiating, have refused to sign any agreement unless matters that were not part of the case are

15   also settled and general releases are provided.  Specifically, Defendants have refused to sign a

16   settlement agreement unless Ms. Vaughn not only dismisses this action and releases them from the

17   claims asserted against them, but also releases Defendants from <u>all claims that may exist in Ms.</u>

18   <u>Vaughn's favor, with an explicit waiver of her rights under Cal. Civ. Code Section 1542 (</u>which

19   provides by statute that even a general release does not extend to unknown claims).  In an effort to

20   bully Plaintiff into signing away her rights, Defendant Sotheby's counsel even suggested that he

21   would reinstate the case and send notice to the Mayor's Office to call its attention to Ms. Vaughn's

22   application materials, also a direct violation of the parties' agreement.   Ms. Vaughn is willing to

23   conclude this case on its terms, but – unsurprising in view of their conduct in these settlement

24   negotiations – does not trust Defendants adequately to give them a general release or a waiver of her

25   rights under Section 1542.

26         Plaintiff has tried hard enough to finalize the written agreement that was contemplated at the

27   settlement hearing.  At this point, the agreement should be deemed complete based on the written

28   transcript of the hearing.

## II.     BACKGROUND

Ms. Louise Vaughn, a disabled, African-American woman in her seventies, filed a handwritten complaint against Sotheby's on December 10, 2015, alleging that Sotheby's intentionally gave her false information regarding income eligibility to purchase a unit in an affordable housing complex, in violation of the Fair Housing Act.  *See* D.I. 1.  After Ms. Vaughn attempted to pursue her civil rights with Defendant Sobel (C.E.O. of the company that eventually sold Ms. Vaughn her unit), Sobel was hostile and resistant, leading Ms. Vaughn to file a First Amended Complaint on May 12, 2016, alleging retaliation by Defendant Sobel.  *See* D.I. 29.  The First Amended Complaint was dismissed under Rule 12(b)(6) with leave to amend, and on September 12, 2016 Ms. Vaughn filed a Second Amended Complaint correcting her pleading deficiencies, alleging specific retaliation including interference with her right to participate in HOA meetings, to have access as promised to storage in the garage, and to have her plumbing repaired.  *See* D.I. 45, 49.  Defendant Sobel again moved to dismiss the Second Amended Complaint, but that motion was not decided before the settlement.  *See* D.I. 52.

After Judge Laporte appointed Ms. Vaughn *pro bono* settlement counsel, the parties settled the case in full at a court-ordered settlement conference before Magistrate Judge James.  *See* D.I. 57 (Order of Conditional Dismissal).  The key terms of the agreement, as recited on the record, were as follows: Ms. Vaughn agreed to settle the case (*see* Surachman Decl., Ex. A ("Transcript") at 4) and to prepare a voluntary dismissal for Judge Laporte (Transcript, at 6),  In exchange, Defendants (with no admission of liability – Transcript, at 4) agreed to: (i)  pay Ms. Vaughn $2,800, with Sotheby's contributing $1,100 and Defendant Sobel contributing $1,700; (ii) not to instigate any fraud-related inquiries into Ms. Vaughn's home purchase, (iii) not to interfere with Ms. Vaughn's attempts to get her plumbing repaired, (iv) not to interfere with Ms. Vaughn's attempts to gain a key and electric opener for the garage, and (v) to grant her equal access to speak at Owners' Association meetings. Transcript at 4.

The Court specifically confirmed with each defendant that it understood and would be bound by the terms as recited.  Transcript at 4-5.  The only term suggested by defendants was that they would make no admission of liability.  Transcript at 4.  There were no terms requested or

1   mentioned involving releases of any kind, much less the broad, all-encompassing releases now

2   demanded.  The parties agreed on the record that plaintiff would prepare a settlement agreement.

3   Transcript at 6.   After Judge James reported the settlement to Judge Laporte, on October 6, 2016,

4   Judge Laporte ordered that the case be conditionally dismissed without prejudice, with leave to

5   reinstate on or before January 5, 2017 in the event the parties fail to memorialize the settlement in

6   writing.  *See* D.I. 57.   If the case were not reinstated, the dismissal would become prejudicial, as

7   Plaintiff agrees was contemplated by the settlement.  *Id.*

8        Plaintiff's counsel, as promised, sent counsel for the Defendants a proposed, written

9   settlement agreement based upon the record.  *See* Surachman Decl., at ¶ 7.  The proposed agreement

10  went beyond what was promised by Ms. Vaughn at the settlement hearing and offered releases

11  consistent with the *res judicata* effect of the anticipated dismissal with prejudice.  *Id.* at Ex. B.

12  Nonetheless, Defendants rejected this proposed agreement and have, in addition to demanding

13  separate written settlement agreements for each defendant,  insisted on agreements that require

14  Plaintiff to (i) provide a general release of all claims and (ii) waive her rights under Cal. Civil Code

15  Section 1542 (which provides that a general release does not extend to unknown claims).  *See*

16  Surachman Decl., at ¶¶ 10-11.

17       Plaintiff's counsel explained to counsel for Defendant Sobel, through several e-mails and

18  teleconferences that the agreement as transcribed reflects a settlement of this action only and that

19  Plaintiff would not gratuitously expand the scope of the release, or waive Defendants' fraud or other

20  unknown claims.  *See* Surachman Decl., at ¶¶ 11-12; *see also* Surachman decl., at Ex. D (e-mail

21  explaining to Defendants' counsel that the agreement must be faithful to the record).  Plaintiff then

22  met and conferred with both parties' counsel on December 13, 2016, and Defendants' counsel

23  insisted that their clients would not pay Ms. Vaughn any money unless she agreed to a general

24  release and waived her rights preserved by Section 1542.  *See* Surachman Decl., at ¶11.  Attorney

25  David Bacho for Defendant Sotheby's, in an attempt to extort Ms. Vaughn's agreement to release

26  all claims, even threatened over the phone that if the case were to be reinstated, he would notify the

27  Mayor's Office, specifically to jeopardize Ms. Vaughn's housing status – directly contravening

28  Defendants' agreement not to instigate inquiries into her home purchase.  Surachman Decl., at ¶¶

PLAINTIFF LOUISE VAUGHN'S NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

12-13; *id.* at Ex. D ("Discovery includes pursuing the mortgage fraud your client and her daughter committed.")

### III.   THE COURT CAN AND SHOULD ENFORCE THE PARTIES' SETTLEMENT AGREEMENT

The agreement entered into by the parties on October 4, 2016 is a binding settlement agreement that can and should be enforced by the Court.  In fact, the Court directly admonished the parties that: "Both parties understand that this is now a contract and it is binding…"  Transcript at 5. A district court has inherent power to enforce the agreement in settlement of litigation before it, which the court normally exercises in response to a motion to enforce the agreement.  *Doi v. Halekulani Corp.,* 276 F.3d 1131 (9th Cir. 2002); *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986).

#### A.   Defendants Are Bound by the Settlement Agreement As Stated on the Record

The interpretation of a settlement agreement is governed by principles of state contract law. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 n.7 (9th Cir. 2012).  Under California law, an oral settlement agreement placed on the record is binding on the parties.  *Elyaoudayan v. Hoffman*, 104 Cal. App. 4th 1421, 1424 (2003).  It is binding "even if a party has a change of heart after (he or she) agreed to its terms but before the terms are reduced to writing."  *Doi at* 1138-41 Further, the "failure to follow it with a more formal writing does not negate the existence of the prior oral contract."  *Hoffman*, 104 Cal. App. 4th at 1424.

*Doi* involved an employment discrimination plaintiff who agreed to settlement terms in open court but, when it came time to reduce the agreement to writing, she refused and instead insisted on new proposed terms that were never agreed to and not supported by the record.  *Id.*  The Ninth Circuit was unpersuaded by Plaintiff's arguments that she did not intend to be bound, that an evidentiary hearing would be necessary to determine the existence or terms of the contract, or that the court could compel her into entering into an agreement that was supported by the record. Instead, the Ninth Circuit found the agreement legally binding and that (i) by saying "yeah" when she was asked whether she agreed to the settlement terms, the plaintiff confirmed her intent to be bound, (ii) an evidentiary hearing would not be necessary because the record speaks for itself, and

1   (iii) the court could compel the plaintiff to sign the written agreement she refused to sign, which

2   was in full accord with the record.  *Id.* at 1140-41.

3           *Doi* directly apples to our case.  Defendants here are equally bound by the settlement

4   agreement they reached on the record.  Like in *Doi,* the terms were stated on the record, the Court

5   confirmed the parties understood and agreed to be bound, but, before reducing the agreement to

6   writing, Defendants are insisting on new terms not supported by the record.  Surachman Decl., ¶¶ 4-

7   5, 8-9.

8           As the Ninth Circuit found in *Doi,* this court should find that the terms recited on the record

9   – even if nothing more – are the terms that count.

10  **B.      The Court Should Relieve the Plaintiff of the Obligation To Obtain a Separate Written
            Agreement.**

11

12          As stated on the record, the terms of the parties' agreement are binding.  The dismissal of

13  the Action will protect Defendants' interest and all material terms are included.   Plaintiff has now

14  gone to the expense of obtaining a transcript which more than adequately embodies the parties'

15  agreement.  Accordingly, Plaintiff requests the Court to order that the record of the settlement

16  hearing adequately  memorializes the settlement and that no further agreements need be entered.

17          Alternatively, Plaintiff requests that Defendants be compelled to sign the agreement

18  proposed by Plaintiff.  *See* Surachman Decl., Ex. E.  The only substantive difference

19  between this agreement and Defendants' version is that Defendants' version contains an

20  unsubstantiated demand that Plaintiff agree to a "full and final release of any and all claims

21  of and/or by Plaintiff against Defendant and his Releasees," and to waive her statutory rights

22  under California Civil Code Section 1542 "or any similar provision of the statutory or non-

23  statutory law of any other jurisdiction…"   *Compare* Surachman Decl., Ex. C *with*

24  Surachman Decl., Ex. E.  Nothing in the record supports this demand.

25          When a party demands even more than what they bargained for during an oral

26  settlement agreed to on the record,  the court may order the party to sign a specific contract

27  that is faithful to the oral agreement. *Armstrong v. City and County of San Francisco,* 2004

28  WL 2713068 (N.D. Cal. 2004) (recommending that district court judge compel party to oral

1  settlement agreement that was placed on the record to sign written agreement that accurately

2  reflected terms of the oral agreement); *Schiff v. City & Cty. of San Francisco*, 2007 WL

3  2301773, at *12 (N.D. Cal. Aug. 8, 2007) (enforcing oral settlement terms by ordering

4  refusing party to execute written settlement agreement that reflected the agreed terms); *see*

5  *also Lee v. Hunt*, 631 F.2d 1171, 1181 (5th Cir. 1980) (affirming district court compelling a

6  party to execute a written settlement agreement where written agreement reasonably

7  embodied the terms of the oral agreement that had been placed on the record).

8      The draft proposed agreement accompanying this motion embodies the agreement on the

9  record, with no inconsistencies.  If any settlement agreement needs to be signed, Plaintiff

10  respectfully requests that the Court order Defendants to sign the Plaintiff's proposed agreement.

11  Surachman Decl., Ex. E.

12  **IV.    CONCLUSION**

13      For the foregoing reasons, Plaintiff respectfully requests that the court enforce the terms of

14  the agreement, as stated in the record, and order that no written agreement is necessary or, in the

15  alternative, that Defendants execute the written agreement shown in Surachman Decl., Ex. E.

16

17  Dated:  January 5, 2017          Respectfully submitted,

18                       KILPATRICK TOWNSEND & STOCKTON LLP

19

20                       By:  */s/ Steven Surachman*
                            STEVEN SURACHMAN

21                       Attorneys for Plaintiff LOUISE VAUGHN

22  69023722V.5

23

24

25

26

27

28