STEVEN D. WERTH, State Bar No. 121153
swerth@aghwlaw.com
HANNIBAL P. ODISHO, State Bar No. 264415
hodisho@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:   (415) 697-2000
Facsimile:    (415) 813-2045

Attorneys for Defendant
DAVID J. SOBEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE VAUGHN,<br><br>  Plaintiff,<br><br>v.<br><br>SOTHEBY'S INTERNATIONAL REALTY, and DAVID J. SOBEL,<br><br>  Defendants. | Case No.: 3:15-cv-05649-EDL<br><br>**DEFENDANT DAVID J. SOBEL'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**<br><br>Hon. Elizabeth D. Laporte<br><br>Date:   February 7, 2017<br>Time:  9:00 a.m.<br>Ctrm:  E, 15th Fl.<br><br>Trial Date:   None Set |

## I. INTRODUCTION

Defendant concedes that although it is the custom and practice to include a waiver of the Plaintiff's rights under California Civil Code section 1542 in a settlement agreement, such a waiver was not delineated in the material terms and conditions the parties orally agreed to be bound by. However, based on the proposed written settlement agreements and Defendant's proposed revisions to those agreements, the parties did agree to include a mutual general release of all claims arising from the common nucleus of operative facts set forth in the Plaintiff's Second Amended Complaint. The Plaintiff now contests the inclusion of such a provision despite the parties' clear intent to incorporate it into the settlement agreement.

///

Moreover, the Plaintiff's motion to enforce the parties' oral settlement agreement is untimely and it directly contradicts the Court's Order on October 6, 2016. That order explicitly instructed the parties to complete a settlement by January 5, 2017. The Court's Order further stated that in the event that a settlement was not completed by January 5 and the Plaintiff failed to reinstate her case by this date, this case would be dismissed with prejudice. Due to the Plaintiff's undue delay in advancing and finalizing settlement negotiations, the parties did not complete settlement of this case by January 5 and the Plaintiff did not reinstate her case by this date. As such, the Plaintiff's motion to enforce the settlement agreement is untimely and this case should be dismissed with prejudice. Alternatively, should the Court decide to enforce the parties' settlement agreement, such an agreement should include a mutual general release of all claims arising from the common nucleus of operative facts set forth in the Plaintiff's Second Amended Complaint.

## II. THE PARTIES AGREED TO A MUTUAL GENERAL RELEASE OF CLAIMS ARISING FROM THE COMMON NUCLEUS OF OPERATIVE FACTS SET FORTH IN THE PLAINTIFF'S SECOND AMENDED COMPLAINT

Section 1697 of the California Civil Code provides, "A contract not in writing may be modified in any respect by consent of the parties, in writing, without a new consideration, and is extinguished thereby to the extent of the modification." On October 4, 2016, the parties orally agreed to the material terms and conditions of a settlement of the Plaintiff's claims in this lawsuit. The parties further agreed to negotiate and finalize a written settlement agreement, which the Plaintiff's counsel agreed to draft. On October 18, 2016, Plaintiff's counsel submitted a draft of a written settlement agreement to Defendant. Section IV of that agreement contained the following mutual general release language, which modified the parties' oral agreement:

> "The parties release each other from all claims, causes of action, actions and proceedings alleged in the Complaint, or that <u>arise from the same transaction or occurrence as the claims alleged in the Complaint</u>." (emphasis added) (*see* Odisho Decl., Ex. A at p. 2, Section IV).

Defendant thereafter submitted revised drafts of the written settlement agreement. In its version of the settlement agreement, Defendant included a waiver of the Plaintiff's rights under

California Civil Code section 1542 ("1542 waiver"), and a provision of the parties' mutual general release of claims arising from "the allegations and nucleus of facts set forth within the Action and within any jurisdiction or venue." (*see* Odisho Decl., Ex. B at p. 5, Section 5.1). On November 16, 2016, the Plaintiff's counsel proposed further revisions to Defendant's version of the settlement agreement. The Plaintiff's proposed revisions retained a mutual general release of claims arising from the Plaintiff's allegations. (*see* Odisho Decl., Ex. C at p. 5, Section 4.1).

Now, despite all the parties, including the Plaintiff, proposing a mutual general release of claims arising from the common nucleus of operative facts set forth in the Plaintiff's complaint, the Plaintiff is now backtracking on what all the parties have already and clearly intended to include in the settlement agreement. Accordingly, if the Court decides to enforce the oral settlement agreement between the parties, any final settlement should, at minimum, include a mutual general release of claims provision.

### III. THE PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT IS UNTIMELY

The Court's Order, issued on October 6, 2016, explicitly states that "in the event a settlement has not been completed" prior to January 5, 2017, and a "request to reinstate the case is not filed and served on opposing counsel" on or before January 5, the Court will dismiss this lawsuit with prejudice. (Docket No. 57, *Order of Conditional Dismissal*). Although the parties orally agreed to the material terms and conditions of a settlement, the parties did not finalize and integrate all the terms and conditions of a written settlement agreement prior to January 5, 2017, and the Plaintiff failed to request a reinstatement of the case by this date.

For one, despite Defendant's good faith and concerted efforts to reach a final settlement of the Plaintiff's claims, a final settlement was ultimately not reached due to the protracted length of time Plaintiff took to resolve a single issue over the span of three months. After repeated requests to the Plaintiff's counsel for the Plaintiff's written draft of the settlement agreement, Defendant received the Plaintiff's initial draft of the agreement on October 18, 2016, two weeks after the mandatory settlement conference. (*see* Odisho Decl., Ex. A). Defendant thereafter submitted a revised settlement agreement on October 27, 2016. (*see* Odisho Decl., Ex. B). Defendant's

144246.1

revised agreement contained both a mutual general release of claims and a 1542 waiver. Nearly three weeks later, on November 16, 2016, Plaintiff's counsel submitted further revisions to Defendant's version of the settlement agreement. (*see* Odisho Decl., Ex. B). The Plaintiff's primary contention with Defendant's settlement agreement concerned Defendant's proposed 1542 waiver.

On November 22, 2016, counsel for the Plaintiff and Defendant met and conferred to discuss the Plaintiff's revisions to the Defendant's settlement agreement, particularly Defendant's proposed 1542 waiver. Counsel for the Plaintiff objected to include this waiver, but proposed to further meet and confer on the issue. (*see* Odisho Decl., Ex. D). On December 9, 2016, counsel for Defendant requested a second meet and confer conference call to further discuss and resolve the issue of including a 1542 waiver and to finalize a written settlement agreement. (*see* Odisho Decl., Ex. E). That conference call took place on December 12, 2016. At the conclusion of the meeting, the Plaintiff's counsel agreed to meet with his client, articulate the extent and scope of a 1542 waiver to her, and contact the counsels for the Defendants as to whether the Plaintiff would agree to include a 1542 waiver into the final settlement agreement.

The Plaintiff's counsel failed to provide a response from his client, despite follow-up requests to do so by counsel for Defendant. (*see* Odisho Decl., Ex. F). <u>Over three weeks later and one day prior</u> to the Court's deadline to finalize the parties' settlement agreement, the Plaintiff's counsel informed Defendant that the Plaintiff intended to file a motion to enforce the parties' oral settlement agreement. (*see* Odisho Decl., Ex. G). In the three months following the October 4, 2016 mandatory settlement conference, the Plaintiff had sufficient time to request judicial intervention to resolve the parties' settlement dispute.

Instead, the Plaintiff waited until the 11th hour to file an untimely motion. The Plaintiff's motion to enforce the parties' oral agreement is untimely on the grounds that the parties did not complete a settlement prior to January 5, 2017, as per the Court's October 6, 2016 Order. Moreover, the Plaintiff has failed to reinstate her case prior to January 5, 2017. As such, this case should be dismissed with prejudice.

///

## IV. CONCLUSION

Defendant respectfully requests the Court dismiss the Plaintiff's Second Amended Complaint with prejudice. Alternatively, Defendant respectfully requests the Court to enforce the material terms and conditions of the parties' oral agreement, which is to include a mutual general release of all claims arising from the common nucleus of operative facts set forth in the Plaintiff's Second Amended Complaint.

Respectfully submitted,

Dated: January 19, 2017

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: _/s/ Hannibal P. Odisho_
STEVEN D. WERTH
HANNIBAL P. ODISHO
Attorneys for Defendant
DAVID J. SOBEL